IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                    No. 05-CR-1776

JASON KERNS,

   Defendant.

**MEMORANDUM OPINION AND ORDER**

   THIS MATTER comes before the Court on *Defendant Jason Kerns' Motion to Dismiss Indictment for Lack of Federal Subject Matter Jurisdiction in this Case*, filed December 23, 2005 (*Doc. 30*) ("Motion"). The issue for resolution is whether public aircraft fall within the scope of 49 U.S.C. § 46501 (2), conferring federal jurisdiction over this matter. After careful consideration of the Motion, the parties' submissions, the relevant authority, and having heard oral arguments on March 7, 2006, I find federal jurisdiction exists. Accordingly, the Motion is denied.

**I.**  **Background**

   On August 17, 2005 a federal grand jury returned an Indictment against Defendant Jason Kerns charging Kerns with, *inter alia*, three counts of Destruction of Aircraft or Aircraft Facilities, in violation of 18 U.S.C. § 32(a)(1) and 49 U.S.C. § 46501 (2)(C). The aircraft involved in the incident giving rise to the charges was Bernalillo County Sheriff's Department Helicopter Metro One ("Metro-1"). Kerns presently challenges federal subject matter jurisdiction over the crimes alleged.

**II.     Legal Standard**

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  When interpreting statutes, "[c]ourts may not create their own limitations on legislation," *Brogan v. United States*, 522 U.S. 398, 409 (1998), and statutory terms should be read in accordance with their ordinary and natural meanings absent ambiguity.  *United States v. Barajas-Chavez*, 162 F.3d 1285, 1287 (10th Cir. 1999).  "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed." *Caminetti v. United States*, 242 U.S. 470, 485 (1917).  Nonetheless, "a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers," where "absurd results" follow from a rigid application of the statutory language.  *Church of Holy Trinity v. United States*, 143 U.S. 457, 458-459 (1882).

**III.    Discussion**

It is undisputed that the special aircraft jurisdiction of the United States is a jurisdictional requirement for the destruction of aircraft offenses of 18 U.S.C. § 32(a).  It is also beyond reasonable dispute that Metro-1 is a publicly owned aircraft.

The charging statute reads, in pertinent part, as follows:

> § 32.   Destruction of aircraft or aircraft facilities
>  (a) Whoever willfully–
>      (1) sets fire to, damages, destroys, disables, or wrecks any aircraft *in the special jurisdiction of the United States* or any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce;
>     ....

18 U.S.C. § 32(a)(1) (emphasis added).  The statute conferring jurisdiction in this matter states:

> (2) 'special aircraft jurisdiction of the United States' includes any of the

>     following aircraft in flight:
>         (A) a civil aircraft of the United States.
>         (B) an aircraft of the armed forces of the United States.
>         (C) *another* aircraft in the United States.
>         (D) another aircraft outside the United States–
>     ....

49 U.S.C. § 46501(2) (emphasis added).  The question before me turns on the meaning of the term "another" in § 46501(2)(C).  Kerns contends "another" refers solely to foreign-flagged aircraft while the government would urge a broader and more customary reading of "another" to encompass any aircraft not otherwise represented in subsections (A), (B), or (D)[1].

Kerns acknowledges the need to expand the statutory interpretation beyond plain meaning to reach his desired result when asserting, without direct support, that "the word 'another,' as used in the special aircraft jurisdiction law is not a rigid word."  Reply at 3.  It is this lack of rigidity, according to Kerns, that dictates an examination of context, including the history of the statute's codification, the legislative history of its enactment, and even international treaties, to determine why a particular word was selected.  *Id*.  Defendant cites a recent Supreme Court case in which the word "located" was recognized to be "not of enduring rigidity," but instead one that gained its precise meaning from context.  *Wachovia Bank, N.A. v. Schmidt, et al.,* 126 S.Ct. 941 (2006) (quoting *Citizens & Southern Nat. Bank v. Bougas*, 434 U.S. 35, 44 (1977)).  Curiously, however, Kerns neglects to establish, or even explain, why "another" should similarly be labeled "not rigid" as it is

---

[1]Additionally, the government argues in its *Supplemental Response to Defendant's Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction and Reply in Support of Such Motion*, filed March 3, 2006 (*Doc. 42*), that jurisdiction is proper under § 46501(2)(A) ("a civil aircraft of the United States"), and relies on the definition of "civil aircraft" found at 49 U.S.C. § 40102(17) ("an aircraft registered under chapter 441 of this title," as was Metro-1).  Notable, though not dispositive, is the fact that the Indictment does not invoke jurisdiction pursuant to subsection (A).  Because I find subsection (C) provides a proper basis for exercise of federal jurisdiction over this matter, I do not reach a determination on Kerns' equivocal interpretation of "civil aircraft" as encompassing public aircraft under subsection (A).

used in the statute at issue here. Kerns then leaps to a formidable analysis of the legislative history of federal aviation law. *See* Mot., Exs. 1-15. From his analysis, Kerns concludes, in sum, that "it is unequivocal that by creating 'the special aircraft jurisdiction of the United States' Congress meant to incorporate a state-of-flag rule that gave the United States criminal jurisdiction over (1) U.S. registered civil and military planes anywhere in the world; and (2) foreign flagged aircraft as long as they were either in U.S. airspace or had a viable nexus with this county [sic]." Mot. at 7.

In arguing his position, Kerns also asserts that "[i]f the government was correct, Congress *would* have used the phrase 'any aircraft,' 'all aircraft,' or perhaps, 'an aircraft.'" Reply at 2 (emphasis in original). In this vein, Kerns states that "Congress chose 'another' to serve a specific purpose." Reply at 2. Yet, this argument so readily turns on itself and begs an obvious question: why, if Congress intended "another aircraft" to mean *only* foreign-flagged aircraft, did Congress not say "foreign"? Certainly "foreign" would be a logical--even obvious– word choice if Congress in fact had as its "specific purpose" to include only aircraft not "of the United States" in Subsection (C). *See Id.* It is this hurdle I cannot advance beyond. Indeed, I recognize and appreciate the thoroughness of Defendant's research, and were I inclined to read beyond the words of the statute, it could prove persuasive. Ultimately, however, a plain reading yields no ambiguity, preventing me from venturing further, even if so inclined. I cannot reasonably find that "another" connotes anything beyond its ordinary and natural meaning in this context, much less replace it with the term "foreign-flagged," for it is not my prerogative to decide that Congress intended something so radically incompatible with what it chose to say.

**III.   Conclusion**

It is with some reservation that I decline to adopt Defendant Kern's position, for his argument

is thorough, scholarly and cogent.  Ultimately, I find, however, that Congress has not expressed an intent to exclude public aircraft such as Metro-1 from the purview of 49 U.S.C. § 46501(2) and instead, through the use of the word "another," clearly and unambiguously included such aircraft.  Accordingly, I conclude that federal jurisdiction over this matter is proper.

WHEREFORE,

**IT IS ORDERED** that *Defendant Jason Kerns' Motion to Dismiss Indictment for Lack of Federal Subject Matter Jurisdiction in This Case*, filed December 23, 2005 (*Doc. 30*) is DENIED.

Dated this 9th day of March, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Charles L. Barth, AUSA
    Albuquerque, New Mexico

Counsel for Defendant:

    Marc M. Lowry, Esq.
    Peter Shoenburg, Esq.